UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION


INTREPID GLOBAL IMAGING 3D, INC.,

    Plaintiff,
v.                                    Case No. 3:07-cv-1106-J-33HTS

PIA ATHAYDE, PAUL BAINS, BAYSIDE
MANAGEMENT CORP., GURCHARAN BERAR,
JINDER BERAR, KARMJIT BERAR, KENT
CARASQUERO, NIRWAL GREWAL, HARP
HOONJAN, ANDY LEWIS, LESLIE
LOUNSBURY, MARTIN TUTSCHEK, and
TYEE CAPITAL CONSULTANTS,

    Defendants.
_____/

**ORDER**

    This matter comes before the Court pursuant to Intrepid's Motion for Temporary Restraining Order (Doc. # 2) filed at 2:52 p.m. on November 26, 2007.

    Intrepid seeks a temporary restraining order ("TRO") pursuant to Federal Rule of Civil Procedure 65.  Intrepid has asserted that it is likely to succeed on the merits of this securities fraud action and that Intrepid faces irreparable injury.  Intrepid discusses the potential injury to Defendants should the TRO issue as well as the public's interest in this dispute.  Nonetheless, Intrepid has failed to meet two requirements necessary to obtain the extraordinary relief it has requested.

Federal Rule of Civil Procedure 65(b) mandates that "[a] temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury . . . will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required."

In this case, Intrepid advises this Court that the bulk of the threatened injury will occur on the morning of November 26, 2007 should the requested TRO not issue.  However, Intrepid's lawsuit was not filed until the afternoon of November 26, 2007.  In addition, Intrepid has not informed the Court of its efforts, if any, to give notice to opposing counsel, and why notice should not be required in this case.  This requirement seems especially important here, when Intrepid's motion indicates that the lion's share of the harm will have already taken place before the instant motion was even filed.  As Intrepid has failed to address the notice aspect of the requested TRO, Intrepid's motion is denied without prejudice.

In addition, Federal Rule of Civil Procedure 65(c) states in pertinent part: "No restraining order or preliminary injunction

shall issue except upon the giving of security by the applicant, in such sum as the court deems proper, for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained."

This Court has reviewed the documents filed by Intrepid and has not found any references to security, a bond, or any other language regarding the requirements of Rule 65(c). Although this Court has broad discretion in determining the amount of the security, and may even waive this requirement in exceptional cases, the complete failure to address security by Intrepid warrants denial without prejudice of motion for a TRO. See Johnston v. Tampa Sports Authority, 8:05-cv-2191, 2006 U.S. Dist. LEXIS 77614 (M.D. Fla. Oct. 16, 2006)("[T]he bond requirement of Rule 65(c) is appropriately waived in certain circumstances").

Intrepid may reassert its motion for the issuance of a TRO so long as the amended motion fully complies with Federal Rule of Civil Procedure 65, Local Rule 4.05, M.D. Fla., and the parameters of this Order.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Intrepid's Motion for Temporary Restraining Order (Doc. # 2)

is **DENIED WITHOUT PREJUDICE**.

**DONE** and **ORDERED** in Chambers in Jacksonville, Florida, this 26th day of November, 2007.

<u>/s/ Virginia M. Hernandez Covington</u>
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to:

All Parties of Record