```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        JACKSONVILLE DIVISION
```

INTREPID GLOBAL IMAGING 3D, INC.,

    Plaintiff,
v.                                    Case No. 3:07-cv-1106-J-33HTS

PIA ATHAYDE, PAUL BAINS, BAYSIDE
MANAGEMENT CORP., GURCHARAN BERAR,
JINDER BERAR, KARMJIT BERAR, KENT
CARASQUERO, NIRWAL GREWAL, HARP
HOONJAN, ANDY LEWIS, LESLIE
LOUNSBURY, MARTIN TUTSCHEK, and
TYEE CAPITAL CONSULTANTS,

    Defendants.
_____/

**ORDER**

    This matter comes before the Court pursuant to Intrepid's Amended Motion for Temporary Restraining Order (Doc. # 6) filed on November 27, 2007.

    On the basis of Intrepid's Verified Complaint (Doc. # 1) and the affidavit of Richard Specht (Doc. # 3), this Court finds that Intrepid has met its initial burden for the issuance of a Temporary Restraining Order ("TRO"), pursuant to Federal Rule of Civil Procedure 65 and Local Rule 4.05, M.D. Fla., as follows:

1. The Court finds a reasonable likelihood that Intrepid will succeed on the merits of its claims against Defendants for securities fraud, conversion and breach or breach of fiduciary duties.

2. The Court finds that Intrepid lacks an adequate remedy at law and has shown a meaningful risk of irreparable harm in the absence

of a TRO. The injury Intrepid faces is the transfer of over one million of its shares to the Defendants, and Intrepid asserts that Defendants have no valid interest in the shares. Intrepid contends that Defendants have engaged in a fraudulent scheme to acquire the shares in question, the culmination of such scheme being the transfer at issue.

Intrepid charges that injury will be irreparable because "there is a substantial risk that [over one million shares] will be transferred and may subsequently be sold to unsuspecting purchasers. In that situation, Intrepid will be left without any remedy or recovery whatsoever." (Doc. # 6 at 2).

3. The balance of harms weighs in favor of the issuance of a TRO. Intrepid has shown a meaningful risk of irreparable harm, and at this stage of the proceedings, it is not clear whether Defendants will be harmed by the issuance of the requested TRO.

4. The public interest will not be affected by the issuance of a TRO in this case.

5. This Order is being entered without prior notice to Defendants because the threatened injury is immediate and further delay could result in irreparable damage to Intrepid.

Accordingly, this Court grants Intrepid's Amended Motion for Temporary Restraining Order. The Temporary Restraining Order is effective immediately and will remain in effect through and including December 7, 2007 at 5:00 p.m. Any motions for an

enlargement of the TRO must demonstrate good cause and must be filed in accordance with the requirements of Federal Rule of Civil Procedure 65(b).

Based on the unique facts of this case, the Court concludes that no security is required under Federal Rule of Civil Procedure 65, at this point in the proceedings. See Johnston v. Tampa Sports Authority, 8:05-cv-2191, 2006 U.S. Dist. LEXIS 77614 (M.D. Fla. Oct. 16, 2006)("[T]he bond requirement of Rule 65(c) is appropriately waived in certain circumstances"). Should Defendants make a showing that security is appropriate for the issuance of further injunctive relief, this Court will give further consideration to the matter of security.

During the pendency of the TRO, Defendants, their officers, agents, servants, employees, and attorneys, are prohibited from transferring, negotiating, or otherwise absconding with certificated securities of Intrepid. In addition, during the pendency of the TRO, Defendants, their officers, agents, servants, employees, and attorneys, are alternatively prohibited from withdrawing, spending, destroying, removing, encumbering, transferring, damaging, pledging, or otherwise disposing of the funds flowing from the sale of the shares in the event that Defendants have already transferred or sold the shares.

Intrepid shall immediately provided by facsimile (404/238-0551) and regular mail (Suite 400, 3475 Lenox Road, Atlanta,

Georgia 30326) a copy of this TRO to Gregory Bartko, counsel for Defendants, as well as to any known "local counsel" for Defendants.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Intrepid's Amended Motion for Temporary Restraining Order (Doc. # 6) is **GRANTED** consistent with the terms outlined above.

(2) The TRO is effective immediately and will expire on December 7, 2007 at 5:00 p.m. unless the TRO is extended in accordance with Federal Rule of Civil Procedure 65(b).

(3) A separate notice shall set a hearing on Intrepid's request for a preliminary injunction, and such hearing shall take place prior to the expiration of the instant TRO.

**DONE** and **ORDERED** in Chambers in Jacksonville, Florida, this 27th day of November, 2007 at 4:00 p.m.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to:   All Parties of Record